UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KAREN KOSATKA                              CIVIL ACTION

VERSUS

SOUTHERN NATIONAL LIFE
INSURANCE COMPANY, ET AL.           NO.: 3:13-cv-00335-BAJ-RLB

RULING AND ORDER

Before the Court is Defendant Louisiana Lift and Equipment, Inc.'s ("Louisiana Lift") **MOTION TO DISMISS (Doc. 26)**[1], seeking an order dismissing Plaintiff's Second Supplemental and Amended Complaint **(Doc. 25)** with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff opposes Louisiana Lift's Motion (Doc. 27). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

I. BACKGROUND

Plaintiff Karen Kosatka ("Plaintiff") is a former employee of Defendant Louisiana Lift. (Doc. 9 at p. 1). Plaintiff was employed as a Sales Coordinator. *Id.* Louisiana Lift ("Defendant") is a Louisiana corporation, which sponsors an employee health and welfare benefit plan (the "Plan") covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001 *et seq.* (Doc. 9 at p. 1). On April 10, 2013, Plaintiff instituted this action against the Plan's claims

---

[1] Previously, Defendant filed a **Motion to Dismiss Plaintiff's Original Complaint (Doc. 9)**. This Motion is **DENIED AS MOOT** in light of Plaintiff's Second Supplemental and Amended Complaint.

1

administrator, Benefit Management Services ("BMS"), in the 21st Judicial District Court, Parish of Livingston, State of Louisiana, seeking damages relating to the denial of Plan coverage for her back surgery.[2] On May 24, 2013, Defendant removed Plaintiff's action to this Court. (Doc. 1).

According to the well-pleaded facts in Plaintiff's complaint, during Plaintiff's employment she contracted with Defendant for the "Group Health Plan" and subsequently sought coverage under the Plan for back surgery, which was denied. (Doc. 1-2 at ¶2)[3]. Plaintiff alleges that Defendant denied coverage for her back surgery without grounds for such denial. (Doc. 6 at ¶15). As permitted by the Plan, Plaintiff appealed the denial of her surgery. (Doc. 6 at ¶18(1)[4]; Doc. 27-1 at p. 2).[5] Plaintiff's appeal was accompanied by a physician's letter explaining that surgery was necessary. (Doc. 6 at 18(1)). Plaintiff's appeal was denied. *Id.* Plaintiff then filed suit to compel the approval of her medical claim. (Doc. 25 at ¶22). Defendant was served on April 24, 2013. *Id.* The following day, Defendant terminated Plaintiff "without just cause." *Id.*

Plaintiff's Second Supplemental and Amended Complaint asserts wrongful termination, retaliation, and denial of benefits under ERISA, and discrimination

---

[2] Plaintiff has dismissed Defendant Benefit Management Services from this lawsuit. (Doc. 23).

[3] While ¶2 of Petition for Damages and Declaratory Judgment states that the Defendant is Southern National Life Insurance Company, Plaintiff later clarifies that the actual Defendant is Louisiana Lift. (See Doc. 6 at ¶14).

[4] Plaintiff includes multiple ¶18 in her Supplemental and Amended Complaint. (Doc. 6 at p. 2). Therefore, the Court will document the first ¶18 as ¶18(1), and the second ¶18 as ¶18(2) if and when necessary.

[5] Specifically, the plan states "no action in law or in equity shall be brought to recover under any section of this Plan until the appeal rights provided have been exercised and the Plan benefits requested in such appeals have been denied in whole or in part." (Doc. 27-1 at p. 2).

2

under the Americans with Disabilities Act 42 U.S.C. §12101, *et seq.* (ADA). (Doc. 25 at ¶24).[6] Defendant filed a motion to dismiss, or alternatively, motion for summary judgment, asserting: (1) Plaintiff's claims under ERISA are impermissibly vague and fail to satisfy the pleading requirements established by the Supreme Court; (2) Plaintiff's discrimination claim under the ADA is barred. (Doc. 26 at p. 1-2).

## II.　STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out detailed factual allegations, but something "more than labels and conclusions, and a

---

[6] As originally filed, Plaintiff's complaint sought recovery for breach of contract, arbitrary and capricious denial of coverage, negligence, and wrongful termination under Louisiana law. (Doc. 1-2 at ¶¶9,12; Doc.6 at ¶¶16,17). However, Plaintiff's Memorandum in Opposition to Defendant's Second Motion to Dismiss concedes that the "Plaintiff does not assert any actions under state law, nor is plaintiff pursuing any actions by state statute." (Doc. 27 at p. 5). Rather, Plaintiff's claims for wrongful termination, retaliation, and denial of benefits are brought under ERISA. (Doc. 25 at ¶24).

3

formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the Plaintiff." *Bustos v. Martini Club Inc.*, 59 F3d 458, 461 (5th Cir. 2010) (quotation marks omitted). A district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, the court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

Further, the Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotation marks and internal citations omitted). When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Culliver v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and alterations omitted).

## III. ANALYSIS

First, the Court will assess whether Plaintiff's ADA claim survives Defendant's Motion to Dismiss. Second, the Court will assess whether Plaintiff's ERISA claims survive Defendant's Motion to Dismiss.

### a. Plaintiff's ADA Claim

Plaintiff's Amended Complaint alleges discrimination by Defendant under the American's with Disabilities Act (ADA). (Doc. 25 at ¶ 24). Specifically, Plaintiff claims she has a disability that substantially limits one or more of her major life activities, she has a record of such impairment, Defendant employer knew of the disability, and Defendant terminated her due to the disability. (Doc. 27 at p. 4-5). Defendant contends, and Plaintiff admits, that before asserting her ADA claim Plaintiff did not file a charge with the Equal Employment Opportunity Commission (EEOC). (*See* Doc. 26-1 at p. 11; Doc. 27 at p. 5). Further, Plaintiff has failed to receive a right to sue letter with respect to her ADA claim. (Doc. 27 at p. 5).

To bring an ADA claim a plaintiff must exhaust the administrative process and receive her statutory notice of right-to-sue before filing a civil action in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion occurs when a plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). Although the filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Id.* at 789. Failure

5

to file a charge with the EEOC and exhaust administrative remedies *prior to* filing suit will result in dismissal. *Id.*

Plaintiff's complaint fails to state that she filed a charge with the EEOC prior to filing suit. Plaintiff's complaint also fails to state that she has received a right to sue letter. Indeed, Plaintiff concedes that she has not met these preconditions to bring an ADA claim. (*See* Doc. 27 at p. 5). The law is clear that individuals must exhaust the administrative process by (1) timely filing a charge with the EEOC and (2) receiving a statutory notice of right to sue prior to filing a civil action in federal court. *See Books A Million, Inc.*, 296 F.3d at 378–79; *Dao*, 96 F.3d at 788–89. Therefore, Plaintiff's ADA claim must be dismissed.

### b. Plaintiff's Wrongful Termination and Retaliation Claims under ERISA

Plaintiff's claims include wrongful termination and retaliation under ERISA. (Doc. 25 at ¶25). Here, the Court is satisfied that Plaintiff's complaint sufficiently puts Defendant on notice regarding the contours of her ERISA claim.[7] Section 510 of ERISA provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary [of an employee benefit plan protected by ERISA] for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140.

---

[7] In actuality, both claims fall under the same provision of 29 U.S.C. § 1140.

To bring a claim under Section 510, a plaintiff must first establish a *prima facie* case. *Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997). This requires proof that the plaintiff employee suffered an adverse employment action "in retaliation for exercising an ERISA right or to prevent attainment of benefits to which he would have become entitled under an employee benefit plan." *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 423 (5th Cir. 2007) (quotation marks omitted). An essential element of a claim for retaliation under Section 510 is proof of the employer's "specific discriminatory intent." *Stafford*, 123 F.3d at 295. "Close timing between an employee's protected activity and an adverse action against him may provide the causal connection required to make out a *prima facie* case of retaliation." *Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). Further, a plaintiff must show that she was qualified for her position as part of a *prima facie* case. *See Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 261 (5th Cir. 2001).

Plaintiff's complaint alleges that she was denied coverage for surgery that her physician stated was "necessary." (Doc. 6 at ¶18). According to the well-pleaded facts, Plaintiff has satisfied the administrative requirements under the Plan by filing an appeal. (Doc. 27-1 at p. 5). Plaintiff's appeal was denied. (Doc. 1-2 at ¶7). Plaintiff filed suit to compel the approval of her medical claim (Doc. 25 at ¶22), and the next day she was terminated. *Id.* Further, Plaintiff was a recipient of a performance award for her work in 2012—evidence that she was qualified for her position. *Id.* Therefore, Plaintiff has pleaded sufficient facts to infer that Defendant

7

may have discriminated or retaliated against her because she attempted to exercise her rights under the Plan. This inference can be drawn due to the extremely close proximity of Plaintiff filing suit to her termination. *Swanson*, 110 F.3d at 1188. In sum, Plaintiff has pleaded sufficient facts to survive Defendant's Motion to Dismiss. *See Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556).

### c. Plaintiff's Denial of Benefits Claim under ERISA

Plaintiff asserts a claim for Denial of Benefits due by her health insurance plan under ERISA. (Doc. 25 at ¶24). Under 29 U.S.C. § 1132(a)(1)(B) a civil action may be brought by a participant, beneficiary, or fiduciary to recover benefits due under the terms of a plan. A "participant" under Plaintiff's Plan is any active employee of the employer. (Doc. 9-4 at p. 20). Further, benefits included under Plaintiff's Plan are "care and treatment" that is deemed "medically necessary." (Doc. 27-1 at p. 3).

Plaintiff was a Plan participant, in that she was an active employee who contracted through a group plan with Defendant. (Doc. 1-2 at ¶2). Plaintiff was denied coverage for surgery. (Doc. 1-2 at ¶4). Plaintiff appealed the denial, which was accompanied by her physician's letter explaining that the surgery was medically necessary. (Doc. 6 at ¶18). Plaintiff's appeal was denied. *Id.* Plaintiff filed suit to compel approval of her medical claims and was subsequently terminated. (Doc. 25 at ¶22). Again, Plaintiff has pleaded facts sufficient to enable the Court to draw the reasonable inference that Plaintiff may be entitled to the benefits to which she was denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Louisiana Lift's **MOTION TO DISMISS (Doc. 26)** is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Louisiana Lift's Motion is **GRANTED** to the extent that it seeks dismissal of Plaintiff's claim for discrimination under the ADA; it is **DENIED** to the extent it seeks dismissal of Plaintiff's claims under ERISA.

**IT IS FURTHER ORDERED** that Louisiana Lift's original **MOTION TO DISMISS (Doc. 9)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 2nd day of July, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA